**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.W., N.W., and R.W.**

**No. 23-689** (Mason County CC-26-2023-JA-52, CC-26-2023-JA-53, and CC-26-2023-JA-54)

## MEMORANDUM DECISION

Petitioner Father C.W.[1] appeals the Circuit Court of Mason County's November 2, 2023, order terminating his parental rights to the children, arguing that the court erred by reopening adjudication, holding an accelerated dispositional hearing, and terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's October 22, 2023, adjudicatory order and November 2, 2023, final order and remanding for further proceedings is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The DHS filed its initial petition[3] in May 2023, based upon a prior termination of the petitioner's parental rights to another child. Critically, the petition failed to include any information regarding the basis for the prior termination. The DHS's petition also alleged that the petitioner failed to support N.W. and R.W. and was behind on his child support obligations as to those two children. Further, the DHS's petition alleged that the petitioner was currently incarcerated and unable to care for all three children as a result. Finally, although the petition first indicated that

---

[1] The petitioner appears by counsel Robert W. Bright. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Tanya Hunt Handley appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The proceedings below concerned additional children who are not at issue on appeal.

E.W. was in the mother's custody, it later stated that the child was in a legal guardianship with the maternal grandparents.[4]

At adjudicatory hearings in July 2023, the petitioner's counsel indicated that the petitioner would admit that he was behind on child support and unable to care for the children because of his incarceration. The petitioner took the stand, at which point the court noted that "it is alleged in paragraph 10(c) that you do not support your infant children, [N.W.] and [R.W.], and you are behind on your child support obligations. It is further alleged that you are currently incarcerated . . . and are unable to care for your infant children." After further questioning, the petitioner admitted to the allegations. On the record, the following occurred: "Based on that admission, the Court does adjudge [the petitioner] an abusive and neglectful parent under West Virginia law, and the Court does adjudge the children, [E.W., N.W., and R.W.], abused and neglected children." This was memorialized in the court's October 22, 2023, adjudicatory order.

At a dispositional hearing in September 2023, the circuit court took judicial notice of the fact that the petitioner's parental rights to another child had been involuntarily terminated, but it does not appear that the basis for the prior termination was known at this time. The guardian then called a DHS worker who testified that he believed termination of the petitioner's parental rights was necessary, in part, because of the prior involuntary termination of the petitioner's parental rights. Yet, the DHS worker admitted that he did not know the basis for the petitioner's prior termination. At the conclusion of the hearing, the guardian moved to reopen the adjudicatory hearing to adjudicate the petitioner as an abusing parent based upon the prior involuntary termination. The court granted the motion and stated on the record that the "[h]earing on October 17 is now for adjudication. Scratch the Court's prior order that it was for ruling on the motion to terminate."

At the October 17, 2023, hearing, the DHS presented copies of orders related to the prior termination of the petitioner's parental rights. However, no discussion was had on the record regarding the basis for the prior termination. Without addressing that issue, the court simply concluded on the record that it "adjudicates [the petitioner] . . . as an abusive and neglectful parent based on a prior termination and also for his inability to care for his children at this time." Then, without taking any further evidence, the circuit court heard brief argument concerning a motion to terminate the petitioner's parental rights. The court then terminated the petitioner's parental rights to the children and memorialized this ruling in its subsequent dispositional order.[5] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that final orders in abuse and neglect proceedings will be vacated and the matter remanded when circuit courts "substantially disregard[] or frustrate[]" the process set forth by the Rules of Procedure for Child

---

[4] The DHS later amended the petition to include an additional adult respondent.

[5] The permanency plan for R.W. and N.W. is to remain with their nonabusing mother. The permanency plan for E.W. is reunification with his mother.

Abuse and Neglect Proceedings and related statutes governing these cases. *See* Syl. Pt. 3, in part, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)). Here, vacation is necessary for several reasons.

First, the petitioner is correct that the circuit court violated Rule 32(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings governing accelerated dispositional hearings.[6] In order to hold a dispositional hearing immediately following an adjudicatory hearing, Rule 32(b) sets forth three requirements, including that "[a]ll the parties agree" and that "[n]otice of the disposition hearing was provided to or waived by all parties as required by these Rules."[7] It is undisputed that these requirements were not met below. Nothing in the record indicates that the petitioner agreed to proceed to disposition. Further, there was no notice of the dispositional hearing, given that the circuit court was clear at the prior hearing that the October 17, 2023, final hearing was "for adjudication" and it explicitly instructed the parties to disregard prior notice concerning the possible termination of the petitioner's parental rights. Additionally, the record does not demonstrate that the petitioner waived notice. For these reasons, we must vacate the circuit court's November 2, 2023, order terminating the petitioner's parental rights.[8]

However, this is not the end of our inquiry, as it is clear that the circuit court's adjudication of the petitioner was also erroneous. Although the petitioner does not specifically challenge his adjudication,[9] this Court is obligated to examine whether sufficient jurisdiction existed for the circuit court to proceed to disposition. *See* Syl. Pt. 4, *In re Z.H.*, 245 W. Va. 456, 859 S.E.2d 399 (2021) (permitting the Court, on its own motion, to address the issue of jurisdiction). Specifically, the October 22, 2023, adjudicatory order must also be vacated because of the circuit court's failure to make specific findings of fact about how each child was either abused or neglected.[10] As we have explained, in order to exercise subject matter jurisdiction in abuse and neglect cases, "the

---

[6] We note that, on appeal, the DHS admits that the circuit court failed to comply with Rule 32(b).

[7] It is unnecessary to address the third requirement of Rule 32(b), as that rule requires that *all three* requirements be satisfied in order to hold an accelerated dispositional hearing.

[8] Because the manner in which the circuit court held the dispositional hearing requires remand, it is unnecessary to address the petitioner's specific arguments concerning alleged error in the court's decision to terminate his parental rights.

[9] The petitioner does challenge the circuit court's reopening of the adjudicatory hearing but does not raise any error concerning his earlier adjudication by order entered on October 22, 2023. It is unnecessary to address the petitioner's assignment of error regarding the reopening of adjudication, given that the petitioner's adjudication is being vacated in its entirety, as more fully addressed herein.

[10] On appeal, the DHS argues that the circuit court's October 22, 2023, adjudicatory order was insufficient and that the insufficiency requires vacation of both this order and the November 2, 2023, final order.

court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties." Syl. Pt. 3, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023). "Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice; the circuit court must make specific findings with regard to *each* child so named." *Id.*

This holding is especially critical in regard to E.W., who the record establishes was in a legal guardianship at the time the petition was filed. *See id.* at 36, 886 S.E.2d at 371 ("With respect to a child in a legal guardianship at the time an abuse and neglect petition is filed, *In re C.S.* [*and B.S.*, 247 W. Va. 212, 875 S.E.2d 350 (2022)] stands for the proposition that a circuit court must make factual findings that said child is an 'abused child' or 'neglected child,' . . . in order to exercise jurisdiction over the child." (citation omitted)). While we are cognizant that the petitioner entered into a stipulated adjudication, the fact remains that the circuit court failed to undertake any analysis as to how E.W. was abused or neglected by the petitioner's conduct when that child was in a legal guardianship. Moreover, the court's October 22, 2023, order fails to make specific findings of fact and conclusions of law regarding N.W. and R.W. Indeed, that order simply concludes as follows: "[Petitioner] is adjudged an abusing and neglectful parent under West Virginia law. The infant children, [R.W., N.W., and E.W.] are abused and neglected children." The conclusory nature of this finding is apparent, given that the DHS did not allege any conduct by the petitioner that constituted abuse, yet the circuit court adjudicated him on this basis. Had the court made the required findings contemplated by *In re B.V.*, it would have recognized that adjudication on the basis of abuse had no evidentiary basis.[11] Accordingly, it is necessary to vacate the circuit court's October 22, 2023, adjudicatory order. On remand, the circuit court is directed to hold a properly noticed adjudicatory hearing and further comply with the applicable statutes and rules governing abuse and neglect proceedings for any necessary hearings thereafter.

---

[11] Given the need to vacate the October 22, 2023, adjudicatory order and the November 2, 2023, final order, we also conclude that vacation of the latter order extends to the court's adjudicatory findings contained therein. Specifically, some of the circuit court's findings in that order contradict the appendix record before this Court in that the circuit court concluded that "[t]he basis for the involuntary termination [in the prior case] was abandonment and inability to care for the Infant Respondent," when the dispositional order from the prior case included in the appendix record currently before the Court lists the basis for adjudication in that matter as abandonment only. "'Abandonment' means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[.]" W. Va. Code § 49-1-201. This definition does not encompass an *inability* to care for the children. Although the circuit court went on to make additional factual findings concerning the petitioner's failure to correct the conditions that resulted in the prior termination of his parental rights, these findings were predicated on the court's erroneous conclusion that the prior termination was based, in part, upon a condition other than abandonment. Further, to the extent that the circuit court made findings that the conditions of abuse and/or neglect that resulted in the prior termination had not been remedied, we note that the record on appeal does not contain any findings that the children in the current matter were abandoned, nor did the DHS allege as such. On remand, if the circuit court or DHS believe that the petitioner abandoned the children subject to the instant matter, the appropriate action would be to amend the petition to include this allegation before proceeding to adjudication.

4

For the foregoing reasons, we vacate the circuit court's November 2, 2023, order terminating the petitioner's parental rights to E.W., N.W., and R.W., and adjudicating the petitioner as an abusing and neglecting parent to E.W., N.W., and R.W. We further vacate the circuit court's October 22, 2023, order adjudicating the petitioner in regard to all three children. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: May 6, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Justice Charles S. Trump IV

**DISSENTING:**

Justice Tim Armstead

Armstead, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.